# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

                Plaintiff,

v.

David William Harrold,

                Defendant.

Crim. No. 11-141(2) (RHK/SER)
**MEMORANDUM OPINION AND ORDER**

      This matter is before the Court on the Third-Party Petition of Michelle Harrold (Doc. No. 506), who asserts an interest in certain real property—specifically, 712 Northeast 71st Street, Boca Raton, Florida (the "Boca Raton Property")—that the Court previously ordered forfeited. The Government now moves to dismiss her Petition and for a Final Order of Forfeiture. For the reasons that follow, the Court will grant the Government's Motions.

## BACKGROUND

      On April 20, 2011, Defendant David Harrold was indicted on securities-fraud charges in connection with investments his companies made in the Thomas Petters Ponzi scheme. Defendant pleaded guilty the following day and, as part of his plea, acknowledged that he earned more than $58 million from 2003 through 2008 as a result of the investments. (See Plea Agreement ¶ 2.) On November 19, 2013, the Court entered an Order forfeiting to the Government "all property, real or personal, which constitutes or

is derived from proceeds traceable to the violations charged" in the Indictment and ordering Defendant to pay a $58 million personal money judgment. (Doc. No. 320.)

On January 16, 2015, the Government filed a Motion for a Preliminary Order of Forfeiture seeking to forfeit the Boca Raton Property (Doc. No. 401) and, on August 31, 2016, it filed a Motion for a Preliminary Order of Forfeiture seeking to forfeit $523,323.61 held in SunTrust bank account number 1000169512000 (the "SunTrust Account") (Doc. No. 480). In support, it submitted the Declaration of FBI Special Agent Jared Kary, who traced the fees Defendant earned from his fraud to the purchase of a home in Delray Beach, Florida (the "Delray Beach Property"). After pleading guilty, Defendant transferred his interest in the Delray Beach Property to his wife, Petitioner Michelle Harrold, who subsequently sold it. She used a portion of the sale proceeds to purchase the Boca Raton Property and deposited the remainder in the SunTrust Account. (Doc. No. 402, ¶¶ 18–21; Doc. No. 481, ¶ 17.)

Having determined there existed a nexus between Defendant's crimes and the property the Government sought to forfeit, on January 20, 2015, and September 1, 2016, the Court entered Preliminary Orders of Forfeiture as to the Boca Raton Property and the SunTrust Account, respectively. (Doc. Nos. 403, 482.) Then, on February 27, 2017, Harrold filed the instant Third-Party Petition, asserting an interest in the Boca Raton Property and arguing it is not subject to forfeiture.[1] (Doc. No. 506.) In response, the Government moved to dismiss the Petition and for a Final Order of Forfeiture. (Doc. No. 508.) The Motions are ripe for disposition.

---

[1] Harrold does not contest forfeiture of the funds in the SunTrust Account.

## STANDARD OF DECISION

Federal law "articulates procedures by which third parties may assert their interest[s] in forfeited property." United States v. Timley, 507 F.3d 1125, 1129 (8th Cir. 2007); accord, e.g., United States v. Puig, 419 F.3d 700, 703 (8th Cir. 2005). Specifically, 21 U.S.C. § 853(n)(2) provides, in pertinent part, that "any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States may . . . petition the court . . . to adjudicate the validity of [her] alleged interest in the property." Such an "ancillary proceeding" is governed by Federal Rule of Criminal Procedure 32.2(c), see Timley, 507 F.3d at 1129, and "closely resembles a civil action," Pacheco v. Serendensky, 393 F.3d 348, 352 (2d Cir. 2004); accord Fed. R. Crim. P. 32.2 advisory committee's note to subdivision (c).

As in a civil action, the Government may move to dismiss a third-party petition "for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). Such a motion is analyzed similar to a motion under Federal Rule of Civil Procedure 12(b). In particular, the Court must accept the allegations in the petition as true, see Fed. R. Crim. P. 32.2(c)(1)(A); United States v. White, 675 F.3d 1073, 1077 (8th Cir. 2012), and dismiss the petition if the Government shows that the claimant is not entitled to relief as a matter of law, that is, if the petition fails to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See also United States v. Salti, 579 F.3d 656, 667 (6th Cir. 2009); United States v. Marion, 562 F.3d 1330, 1342 (11th Cir. 2009) (*per curiam*); Pacheco, 393 F.3d at 352.

**ANALYSIS**

In this ancillary proceeding, Harrold may prevail in one of two ways: she may demonstrate that (i) she held an interest in the Boca Raton Property "superior to any . . . interest of the [D]efendant at the time of the" fraud giving rise to forfeiture (*i.e.*, priority of ownership), or (ii) she was a "bona fide purchaser for value . . . and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture." 21 U.S.C. § 853(n)(6)(A), (B). The Government contends she has shown neither. The Court agrees.

> Section 853(n)(6)(A)—the priority-of-ownership ground—embodies the relation-back doctrine. Under the relation-back doctrine, title to the forfeited property vests in the United States at the time of the [D]efendant's criminal act. Nevertheless, [Harrold may] prevail in the ancillary proceeding on the ground that [she] had an interest in the property before the [G]overnment's interest vested.

Timley, 507 F.3d at 1131 (citing United States v. Nava, 404 F.3d 1119, 1129 (9th Cir. 2005)).

Here, Harrold asserts that she held a prior vested interest in the Boca Raton Property. However, tracing the proceeds of Defendant's fraud shows this is simply not the case. The Court has already determined that Defendant used fraud proceeds to buy the Delray Beach Property and, hence, the Government's title to that property vested immediately. Id. (quoting United States v. Hooper, 229 F.3d 818, 821–22 (9th Cir. 2000) ("[T]he proceeds of an offense do not exist before the offense is committed, and when they come in to existence, the [G]overnment's interest under the relation-back doctrine immediately vests.")). Defendant then transferred the property to Harrold, who sold it

and used a portion of the proceeds to purchase the Boca Raton Property. When Harrold purchased the Boca Raton Property with the proceeds of Defendant's fraud, the Government's title to it vested immediately. She acquired no prior vested interest. E.g., United States v. Martinez, 228 F.3d 587, 590 (5th Cir. 2000) (relation-back doctrine bars defendant's wife from acquiring interest in "any property purchased with [criminal] proceeds"). Accordingly, she cannot prevail under § 853(n)(6)(A).

Harrold argues that the funds she used to purchase the Boca Raton Property were "cleansed" by a bankruptcy settlement she and Defendant entered into with the Liquidating Trustee (charged with liquidating the assets owned by Defendant's companies). (Doc. No. 512 at 3–4.) The settlement subjected the Delray Beach Property to a mortgage, which Harrold satisfied with proceeds from the sale of that property. She contends that any remaining proceeds (specifically, the funds she used to purchase the Boca Raton Property) were thus no longer the proceeds of fraud. However, she has not cited—and the Court has been unable to locate—any authority for the novel proposition that a bankruptcy settlement somehow cleanses tainted, otherwise forfeitable property. Nor would such a rule make for sound policy, as forfeiture proceedings adjudicate interests distinct from bankruptcy proceedings. The Government pursues forfeiture on behalf of the individuals Defendant defrauded, while the bankruptcy proceedings here settled disputes between Defendant, Harrold, and their creditors, unconcerned with

whether any assets were traceable to fraud.  Under these circumstances, the Court cannot hold that the bankruptcy proceedings preclude forfeiture.[2]

Harrold further argues that settling claims with her creditors in bankruptcy and satisfying the Delray Beach Property's mortgage rendered her a bona fide purchaser of the Boca Raton Property.  Section 853(n)(6)(B) permits a third party to prevail absent priority of ownership by showing: (1) a legal interest in the property; (2) acquired as a bona fide purchaser for value; and (3) at a time when the claimant was reasonably without cause to believe the property was subject to forfeiture.  Timley, 507 F.3d at 1130–31.  However, the Court does not believe Harrold can plausibly assert that she was a bona fide purchaser here.  It is undisputed that Defendant, her husband, pleaded guilty to fraud in April 2011, and it was not until July 2011—three months later—that Defendant transferred his interest in the Delray Beach Property to Harrold by quitclaim deed.  Harrold nowhere contends she was unaware of Defendant's criminal activity, indictment, and guilty plea, nor does she contend Defendant's transfer of the property to her cleansed it of criminal taint.  See 21 U.S.C. § 853(c) ("Any [forfeitable] property that is subsequently transferred to a person other than the defendant may be the subject of a special verdict of forfeiture and thereafter shall be ordered forfeited to the United States, unless the transferee" is a bona fide purchaser.).  Instead, she urges only that the

---

[2] Harrold also asserts that these funds represent appreciation in value of the Delray Beach Property "attributable to the real estate market" and, thus, the funds "no longer qualif[y] as proceeds of fraudulent activity."  (Doc. No. 512 at 4.)  But this is not the law.  See, e.g., United States v. Hawkey, 148 F.3d 920, 928 (8th Cir. 1998) ("Certainly if Hawkey misappropriated funds and used them to make a profit, the original funds *and any profits* are subject to forfeiture.") (emphasis added).

6

bankruptcy settlement "protect[ed] her from future claims." (Doc. No. 512 at 3.) That may be accurate with respect to her previous creditors, but, as noted, she has cited no authority for her contention that an intervening bankruptcy settlement converts tainted, forfeitable property into clean property. Indeed, were this the rule, it would apply with equal force to the SunTrust Account, and yet Harrold does not contest its forfeiture.

Finally, the Court pauses to note that, when both tainted and untainted funds are expended in connection with real property, the Government is entitled to forfeit only that portion of the property for which tainted funds were expended. See, e.g., United States v. Real Property & Premises Located at 216 Kenmore Ave., 657 F. Supp. 2d 1060, 1066 (D. Minn. 2009) (Kyle, J.) (collecting cases). Here, the Government acknowledges that not *all* of the funds used to purchase the Boca Raton Property were fraud proceeds—two earnest money checks totaling $100,000 were contributed towards the $1,565,000 purchase price of the property (Kary Decl. ¶ 20), and the Government does not contend the checks constitute traceable fraud proceeds. Therefore, Harrold is entitled to receive 7% of the net proceeds from the sale of the Boca Raton Property, representing the non-traceable portion of the funds used to purchase the property.[3]

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED**:

---

[3] Though non-traceable funds constitute less than 7% of the purchase price ($100,000 ÷ $1,565,000 = 6.39%), the Government has represented that Harrold is entitled to 7%, and the Court will hold it to that assertion.

7

1. The Government's Motion to Dismiss (Doc. No. 508) is **GRANTED**;

2. Harrold's Third-Party Petition (Doc. No. 506) is **DISMISSED WITH PREJUDICE**;

3. All right, title and interest in the following property is forfeited to and vested in the United States:

   a. The real property located at 712 NE 71st Street, Boca Raton, Florida 33487, with all buildings, appurtenances, improvements and attachments thereon, and legally described as Lot 33, Block C, Boca Harbour Replat, according to the plat thereof, as recorded in Plat Book 26, at Page 225, of the Public Records of Palm Beach County, Florida, Parcel Identification Number: 06-43-46-32-11-003-0330; and

   b. Funds in the amount of $523,323.61 held in SunTrust Bank Account 1000169512000;

4. The forfeiture of the real property located at 712 NE 71st Street, Boca Raton, Florida 33487 is subject to the following:

   a. Payment of seven (7) percent of the net proceeds from the sale of the property to Petitioner Michelle Harrold; and

   b. Payment of any real estate taxes that may be due and owing through the date of the Order of Forfeiture; and

5. The above-described property shall be disposed of by the United States in accordance with law.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: June 12, 2017

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge